UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| B.M.D., a minor, by and through his father, ) | |
| MARVIN DICKERSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:07-CV-73 |
| ) | (VARLAN/SHIRLEY) |
| KNOX COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 75] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of the plaintiffs' Motion for Leave to Take Additional Depositions. [Doc. 71] The plaintiffs, pursuant to Rule 30(a)(2) of the Federal Rules of Civil Procedure, move the Court for leave to take five additional depositions. Plaintiffs state that they have already taken fifteen depositions in this matter, but that these five additional depositions are needed. Plaintiffs contend that the testimony of these five additional deponents, two Knox County Assistant District Attorneys (the "ADAs") and three high school students (the "Students"), all five of whom were directly involved in the matters at issue, is vital to the plaintiffs' case. The defendants oppose the motion, arguing that the plaintiffs have exceeded the ten deposition limit established by Rule 30.

Rule 30 of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> (a) When Depositions May Be Taken; When Leave Required.
> (1) A party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2). . . .
> (2) A party must obtain leave of court, **which shall be granted to the extent consistent with the**

> **principles stated in Rule 26(b)(2)**, if the person to be examined is confined in prison or if, without the written stipulation of the parties,
> (A) a proposed deposition would result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by third-party defendants.

Id. (emphasis added). Rule 26(b)(2) of the Federal Rules of Civil Procedure states, in pertinent part, that:

> (A) By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. . . .
> (C) The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

The Court notes that the Scheduling Order [Doc. 30] in this matter established a discovery cut-off date of ninety days before trial, resulting in a deadline of May 21, 2008. Thus, the plaintiffs' request is timely. With respect to the principles stated in Rule 26(b)(2), the plaintiffs contend that the witnesses at issue were involved in the events which lead to the instant litigation. The plaintiffs contend that the ADAs were involved with the charges brought against plaintiff B. M. D.,[1] but that the ADAs were each involved at different times, so each ADA has unique and relevant information

---

[1] As plaintiff B. M. D. is a minor, the Court will refer to that plaintiff only by that plaintiff's initials.

that cannot be obtained from the other ADAs. The plaintiffs further contend that the Students are the individuals actually responsible for producing the counterfeit currency for which plaintiff B. M. D. was charged, thus they all possesses relevant and unique information. The plaintiffs state that all other depositions taken by the plaintiffs in this matter have been relevant and necessary, that none have been duplicative, and that none of the individuals previously deposed have covered the issues on which the plaintiffs seek to depose the ADAs and Students. Plaintiffs also state that all but one of the five additional deponents are located in Knoxville, and that the other deponent is in Nashville. Finally, the plaintiffs state that they anticipate that each of the remaining depositions would take no longer than two hours each.

Based upon the filings and evidence of record, the Court finds that the five additional depositions sought by the plaintiffs will not be duplicative of depositions already taken, nor is there a less burdensome method of obtaining the information sought. The Court further finds that the previous depositions taken by the plaintiffs in this matter were necessary, and thus that the plaintiffs have not squandered their allowed number of depositions. Finally, the Court finds that the likely benefit of the discovery sought outweighs any burden or expense the discovery might impose on the defendants. Accordingly, the Court finds the plaintiffs' motion [Doc. 71] to be well-taken, and the same is hereby **GRANTED**. The plaintiffs have leave to take the depositions of the five requested individuals within the discovery time frame established by the Scheduling Order.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge