UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| B.M.D., a minor, by and through his father, ) | |
| MARVIN DICKERSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:07-CV-73 |
| ) | (VARLAN/SHIRLEY) |
| KNOX COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 80] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of defendants Winston Ragon's and Allen May's Motion for Clarification. [Doc. 79] Defendants Ragon and May move the Court to clarify its Order [Doc. 78] entered March 14, 2008. In that Order, the Court granted the plaintiffs leave to take the depositions of five specific individuals. Defendants Ragon and May ask the Court to clarify whether these additional depositions will be taken "for proof."

The use of any deposition at trial must be in accordance with Rule 32 of the Federal Rules of Civil Procedure, but the Rules do not otherwise differentiate between depositions taken for discovery and depositions taken "for proof." The Rules, and the Court's Scheduling Order, do require a party to disclose in advance of trial a list of witnesses whose testimony will be presented at trial by deposition, but the deadline for such disclosure has not yet passed. Fed. R. Civ. P. 26(a)(3)(A)(ii); [Doc. 32 at ¶ 6(i)]. Accordingly, the Court finds that there is no basis at this time for the Court to require the plaintiffs to disclose whether the depositions at issue will be used at trial.

Therefore, the defendants' motion [Doc. 79] is hereby **DENIED**.

**IT IS SO ORDERED.**

ENTER:


  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge