UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| B.M.D., a minor, by and through his father, MARVIN DICKERSON, et al., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No.: 3:07-CV-73 (VARLAN/SHIRLEY) |
| KNOX COUNTY, TENNESSEE, et al., ) ) | |
| Defendants. ) | |

## ORDER

This civil action is before the Court on Defendants' Winston Ragon and Allen May's Motion to Strike Plaintiffs' Doc. 137 [Doc. 138] and Defendant Knox County's Joinder in Motion by Defendants Ragon and May, Individually, to Strike Plaintiffs' Doc. 137 [Doc. 140]. Defendants request that the Court strike plaintiffs' Supplemental Response to Motions for Summary Judgment [Doc. 137], arguing it is nothing more than a sur-reply, and thus its filing is improper under Local Rule 7.1(d). Plaintiffs have responded in opposition to defendant's motion to strike [Doc. 141] and defendants Ragon and May, individually, have filed a reply [Doc. 142].

Local Rule 7.1(d) states that after a reply brief is filed,

> No additional briefs, affidavits, or other papers in support of or in opposition to a motion shall be filed without prior approval of the court, except that a party may file a supplemental brief of no more than five (5) pages to call to the court's attention developments occurring after a party's final brief is filed. Any response to a supplemental brief shall be filed within five days after service of the supplemental brief and shall be limited to no more than five (5) pages.

Defendants contend that plaintiffs' filing only offers arguments as to the points raised in defendants' reply and does not address any developments occurring after plaintiffs' final brief was filed. Plaintiffs' respond that defendants' reply to their motion for summary judgment raised new arguments and defendants attached portions of deposition transcripts not previously attached to defendants' filings and, therefore, plaintiffs' supplemental filing was appropriate. Defendants reply that plaintiffs' argument that new arguments warrant supplemental filings would mean that there would be no practical end to all the filing of supplemental responses. Defendants also note that the deposition excerpts attached to their reply to their motion for summary judgment were available to plaintiffs prior to plaintiffs' filing of their response to defendants' motions for summary judgment and thus do not constitute new developments.

      The Court has reviewed plaintiffs' Supplemental Response to Motions for Summary Judgment [Doc. 137] and agrees with defendants that it does not call to the court's attention developments occurring after plaintiffs filed their response to defendants' motions for summary judgment. Thus, pursuant to Local Rule 7.1(d), plaintiffs' were required to seek advance permission to file a supplemental brief. Though prior approval was not requested or granted, plaintiffs stated within their supplemental filing that, "Should leave to file this pleading be deemed necessary, Plaintiffs request leave to do so." [Doc. 137.] Despite the improper timing of this request, the Court will permit the filing of plaintiffs' supplemental brief.

Defendant Knox County's Joinder in Motion by Defendants Ragon and May, Individually, to Strike Plaintiffs' Doc. 137 [Doc. 140] is **GRANTED**, and defendant Knox County is permitted to join in Defendants' Winston Ragon and Allen May's Motion to Strike Plaintiffs' Doc. 137 [Doc. 138]. However, in light of the discussion above, Defendants' Winston Ragon and Allen May's Motion to Strike Plaintiffs' Doc. 137 [Doc. 138] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE